UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 06-16-S-DCR |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| RALPH WILLIAM CAIN, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

*** *** *** ***

On March 23, 2006, a seven count indictment was filed charging Defendant Ralph William Cain with two counts of armed robbery, two counts of brandishing a firearm, and two counts of being a convicted felon in possession of a firearm.[1]

On October 16, 2006, the Defendant, through counsel, moved the Court to be re-arraigned. [Record No. 50] By Order entered the same day, re-arraignment was scheduled for October 20, 2006. On October 20th, the Defendant appeared with counsel and entered a plea of guilty to Counts 1, 2, 4 and 7 of the Indictment. The United States indicated that an agreement had been reached and, in exchange for the Defendant's guilty plea to Counts 1, 2, 4 and 7, it intended to move to dismiss the remaining counts of the Indictment at the time of sentencing.

---

[1] A seventh count concerned forfeiture of a firearm used by Cain to commit at least one of the bank robberies.

During the plea hearing, the parties' counsel explained the terms of the plea agreement. Regarding application of the sentencing guidelines, the Court explained during the plea hearing that, until the presentence report was prepared and any objections resolved, it would be impossible for the Court or the Defendant's counsel to know the precise guideline range for sentencing purposes. Further, while the Defendant retained the right to appeal any sentence subsequently imposed, he was advised that he would not be able to withdraw his guilty plea on the grounds that his attorney's prediction or his belief as to the guideline range might prove to be inaccurate. Following questioning, the Defendant's plea of guilty to Counts 1, 2, 4 and 7 was accepted by the Court.[2] Sentencing was then scheduled for February 12, 2007. [Record No. 53] At the outset of the sentencing hearing, counsel for the Defendant moved the Court to allow the Defendant to withdraw his guilty plea. The Court denied the Defendant's motion and proceeded with the sentencing hearing.

**DISCUSSION**

A defendant may withdraw such a plea only of he can establish "fair and just reason" for doing so. A defendant has the burden of proving that withdrawal of the former plea is justified. *United States v. Hunt*, 205 F.3d 931, 936 (6th Cir. 2000) (citing *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996)). Cain asserts that he should be allowed to withdraw his guilty plea because the guideline calculation ended up being higher than what he believed

---

[2] As a result of his plea agreement, the Defendant avoided an additional, consecutive twenty-five year term for the second brandishing count.

it would be when he was engaged in plea negotiations. As such, he argues he should be allowed to withdraw his plea and proceed to trial on the underlying indictment.

At the outset, the Court notes that the rule for withdrawal of a guilty plea was formerly codified as Rule 32(e) of the Federal Rules of Criminal Procedure. However, effective, December 1, 2002, Rule 11 of the Federal Rules of Criminal Procedure was amended to include the circumstances under which a defendant may withdraw a former plea of guilty or nolo contendere. Subsection (d) of this Rule provides as follows:

> **(d) Withdrawing a Guilty or Nolo Contendere Plea.** A defendant may withdraw a plea of guilty or nolo contendere:
>
>   **(1)** before the court accepts the plea, for any reason or no reason; or
>   **(2)** after the court accepts the plea, but before it imposes sentence if:
>
>     **(A)** the court rejects a plea agreement under Rule 11(c) (5); or
>     **(B)** the defendant can show a fair and just reason for requesting the withdrawal.

Fed. R. Crim. P. 11(d).[3]

On several occasions, the Sixth Circuit has addressed the factors to be considered in determining whether a defendant should be allowed to withdraw a plea of guilty prior to sentencing. *See United States v. Spencer*, 836 F.2d 236 (6th Cir. 1987); *United States v. Alexander*, 948 F.2d 1002 (6th Cir. 1991); *United States v. Bashara*, 27 F.3d 1174 (6th Cir.

---

[3] The Advisory Committee Notes to this rule indicate that no substantive change was intended through this amendment. Instead, "the Committee decided to more clearly spell out in Rule 11(d) and 11(e) the ability of the defendant to withdraw a plea." *See* Advisory Committee Notes to Rule 11 of the Federal Rules of Criminal Procedure, 2002 Amendments. Accordingly, this Court's analysis will be guided by relevant authority decided under the former version of Rule 32(e) and the amended version of Rule 11 of the Federal Rules of Criminal Procedure.

1994); *Baez*, 87 F.3d 805; *United States v. Durham*, 178 F.3d 796 (6th Cir. 1999); *Hunt*, 205 F.3d 931 (6th Cir. 2000); *United States v. Valdez*, 362 F.3d 903 (6th Cir. 2004); and *United States v. Ellis*, 470 F.3d 275 (6th Cir. 2006).

In *United States v. Spencer*, the defendant was indicted on several counts related to a bank robbery. While represented by counsel, he initially agreed to a plea bargain and entered a guilty plea. However, he later changed his mind and filed a motion to withdraw his plea. The District Court for the Northern District of Ohio denied the motion and sentenced the defendant in accordance with his plea agreement. On appeal, the Sixth Circuit affirmed the district court's determination based, in part, on the fact that the defendant: admitted under oath that he committed the crime charged; was familiar with the criminal justice system because he was already serving another sentence for a different crime and; failed to present evidence that proved threats or duress in the entry of his guilty plea as alleged in his motion to withdraw the plea. *Id*. at 241.

Citing *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987), the Sixth Circuit explained in *Spencer*, that there are several factors a district court may consider when evaluating whether a defendant has established a "fair and just" reason to withdraw his guilty plea under Rule 32 of the Federal Rules of Criminal Procedure. *Spencer*, 836 F.2d at 238-39. One factor is the length of time between entry of the guilty plea and the filing of the motion to withdraw it. A second factor to be considered is why the grounds for withdrawal were not presented to the court at an earlier point in the proceedings. As the court noted with respect to this factor, "where a defendant is aware of the condition or reason for a plea withdrawal,

at the time the guilty plea is entered, a case for withdrawal is weaker." *Spencer*, 836 F.2d at 239 (citations omitted.) The third factor the Sixth Circuit noted in *Spencer* concerned whether the defendant has asserted or maintained his innocence. *Id*. at 239. Fourth, the district court may consider the circumstances underlying the entry of the guilty plea, the nature and background of the defendant, and whether the defendant has admitted his guilt. *Id*. at 239-40. Applying these factors to the facts presented, the Sixth Circuit held that the lower court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea.

In *United States v. Alexander*, the defendant attempted to withdraw his guilty plea and reopen a previously-conducted suppression hearing. In denying the motion, the court noted that the motion to vacate was filed approximately five months after entry of the plea of guilty. *Alexander*, 948 F.2d at 1004. Further, the defendant failed to offer any reason for neglecting to raise the grounds for vacating the plea at an earlier point in the proceedings and failed to articulate any reasons for not calling witnesses who were available at the time of the suppression hearing.

Affirming the district court's denial of the defendant's motion, the Sixth Circuit explained that, while prejudice to the government is a factor to be considered, prejudice need not always be shown.

> In determining whether a fair and just reason has been advanced . . . Courts have taken into account the absence of a defendant's vigorous and repeated protestations of innocence . . . a defendant's lack of innocence or naivete with respect to the criminal justice system . . . and finally the potential prejudice to the government should the plea be withdrawn.  The prejudice to the

-5-

>government need not be established or considered unless and until the defendant has established a fair and just reason for vacating his plea.

*Id.* at 1004.

In *United States v. Bashara*, the court listed the following seven factors to be considered in determining whether a motion to withdraw a plea of guilty should be granted.

1. The amount of time that elapsed between the plea and the motion to withdraw it;

2. The presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;

3. Whether the defendant has asserted or maintained his innocence;

4. The circumstances underlying the entry of the guilty plea;

5. The defendant's nature and background;

6. The degree to which the defendant has had prior experience with the criminal justice system; and

7. Potential prejudice to the government if the motion to withdraw is granted.

*Bashara*, 27 F.3d at 1181. Applying these factors, the court noted that Bashara complained to the probation officer eleven days after entering his guilty plea. Although he later called his attorney, he was advised not to withdraw his plea. Following a two week hospitalization, the defendant then wrote a letter to the Court explaining the reasons that he wanted to withdraw his plea. And approximately two weeks later, he formally moved to withdraw the plea.

At a subsequent hearing, Bashara claimed that his former attorney has pressured him to plead guilty because the attorney was not adequately prepared to conduct a defense. However, the defendant testified that he continued to feel that the government has a weak case against him. He later conceded at the hearing that while he was heavily involved in the use of drugs and was not innocent of trafficking in drugs, he claimed that he did not traffic "to the extent that I'm being indicted for." *Id.* at 1181.

Notwithstanding these facts, the Sixth Circuit found no abuse of discretion by the trial court in denying the motion to withdraw the guilty plea based on the court's determination that the defendant did not assert his innocence and the fact that his detailed answers to the court's questions about his involvement in the crimes to which he has entered a plea reflected "an intelligent" acknowledgment of guilt. Thus, his plea "was not the result of a hastily entered plea made with an unsure heart or a confused mind." *Id.*

More recently, in *United States v. Ellis*, 470 F.3d 275 (6th Cir. 2006), the Sixth Circuit again addressed a defendant's motion to withdraw his guilty plea. In that case, the defendant claimed that he could not come up with the money that he agreed to forfeit under the plea agreement and that he was unaware at the time of the plea that the government would seek forfeiture of his farm if he could not make cash payment. In response, the United States asserted that the defendant knowingly, intelligently and voluntarily entered the plea and failed to demonstrate a fair and just reason for withdrawing his guilty plea.

Citing *United States v. Bashara*, the Sixth Circuit listed seven factors to be considered in determining whether a defendant has stated a fair and just reason to allow withdrawal of

a plea. In doing so, the court noted that "the factors listed are a general, non-exclusive list and no one factor is controlling." *Ellis*, 470 F.3d at 281. According to the court's recent pronouncement in *Ellis*, these seven factors are:

> 1) the amount of time that elapsed between the plea and the motion to withdraw it; 2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; 3) whether the defendant has asserted or maintained his innocence; 4) the circumstances underlying the entry of the guilty plea; 5) the defendant's nature and background; 6) the degree to which the defendant has had prior experience with the criminal justice system; and 7) potential prejudice to the government if the motion to withdraw is granted.

*Ellis*, 470 F.3d at 281. Applying these factors, the Sixth Circuit concluded that the trial court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea given: the length of time between the entry of the defendant's plea and the motion for withdrawal; the absence of any breach of the plea agreement; the defendant's confession of guilt; a careful reading of the plea agreement's terms to the defendant during the plea hearing; and the defendant's criminal history. *Id.* at 286.

In the present case, although the Court has considered each of the seven factors outlined by the Sixth Circuit, it will discuss only those relevant in this particular case. Applying these factors to the present case, the Court concludes that the Defendant's motion should be denied. The length of time between the Defendant's plea of guilty and his motion to withdraw is a strong factor supporting the denial of the motion. Here, 115 days passed between the time when the Defendant entered a guilty plea and the time that he requested withdrawal of his plea. In fact, the Defendant did not move to withdraw his plea until the

day of his sentencing hearing. The Sixth Circuit has affirmed the denial of motions to withdraw based on even shorter periods of time. *See Spencer*, 836 F.2d 236 (motion to withdraw guilty plea denied where time period between the entry of plea and motion to withdraw was 35 days); *Valdez*, 362 F.3d 903 (motion to withdraw guilty plea denied where time period between the entry of plea and motion to withdraw was 75 days). Because the length of time between the Defendant's guilty plea and the oral motion to withdraw was substantial and because neither the Defendant nor his counsel has offered *any* reason for this delay, the Court concludes that the time delay weighs against allowing him to withdraw his plea.

In addition, the Defendant's failure to maintain that he is innocent of the charges contained in the indictment supports the denial of the motion to withdraw. With the exception of his arraignment, the Defendant has not maintained his innocence. In fact, during the plea hearing held in this matter on October 20, 2006, the Defendant acknowledged his guilt regarding the charges contained in Count 1, 2 and 4 of the Indictment and confirmed the factual basis for the charges to which he pleaded guilty. The record reflects that the Defendant was provided a significant amount of information and evidence to allow him to make an informed decision regarding whether to change his plea or proceed to trial. Based upon this compelling evidence, it appears that he concluded that a change of plea was the prudent course to follow. This decision was not made in haste or confusion. Also, the Court notes that, at the plea hearing, the Court fully advised the Defendant that, until the Presentence Investigation Report had been completed and any objections resolved, it would

be impossible for the Court or for his attorney to know precisely what the guideline range would be in his case. The Defendant acknowledged this fact, yet elected to enter into a guilty plea at that time.[4]

Finally, the Court finds that the Defendant's background and his prior experience with the criminal justice system weighs against allowing withdrawal of his guilty plea. Notably, at the time of his rearraignment, the Court determined that the Defendant was fully aware of the nature of the proceedings against him. The Court has observed and interacted with the Defendant on a number of occasions and concludes that he is fully familiar with the workings of the criminal justice system. He has been convicted in Indiana and Kentucky for possession of marijuana. In addition, he was convicted in Kentucky for 2nd degree rape, 2nd degree sodomy and unlawful transaction with a minor. Based on these charges, the Defendant is a registered sex offender in Kentucky. In light of the Defendant's extensive criminal history and his prior experience with the criminal justice system, the Court finds that he had the capacity to evaluate the impact of his plea as well as the risk he would be taking by proceeding to trial. Thus, this factor discounts any assertion that the Defendant was unaware of the consequences of his guilty plea.

**CONCLUSION**

The Defendant has not met his burden of establishing a fair and just reason supporting his motion to withdraw his plea of guilty. Accordingly, his oral motion to withdraw his

---

[4] The Defendant's Presentence Investigation Report outlines that Cain also admitted his guilt during investigation of the matter and following his arrest. Neither the Defendant nor his counsel filed any objections to the factual information contained in the Presentence Investigation Report.

guilty plea is **DENIED**.

This 12th day of February, 2007.

